MERCADO *v.* TOUS SOTO, DISTRICT JUDGE.

APPLICATION for a Writ of *Certiorari.*

No. 5.—Decided June 21, 1905.

CERTIORARI—ORDINARY REMEDY.—The writ of *certiorari* will only issue where the proceedings of the trial judge or court are not according to law, or when the judge refuses to dispose of a case without a proper reason or cause, and only when the petitioner has no other adequate remedy to obtain reparation for the damage or injury which he may have suffered.

The facts are stated in the opinion.

*Mr. Padilla* for applicant.

MR. CHIEF JUSTICE QUIÑONES delivered the opinion of the court.

This is an application filed in this Supreme Court by Attorney Julio Padilla é Yguina, on behalf of Mario Mercado, for a writ of *certiorari* against the District Court of Ponce, in connection with the proceedings prosecuted against the applicant as the purchaser at public sale of the property attached in the execution proceedings brought by the Estate of Carlos Paterne against José Rivera Cintrón, to require said court to forward the record to this higher court for a review of the proceedings in so far as they do not conform to law.

The writ of *certiorari* applied for having issued, the record referred to was sent to this higher court. It appears from said record that execution proceedings were instituted in the year 1889 in the former Court of First Instance of Ponce, by the Estate of Carlos Paterne, consisting of his widow, Alejandrina González y Vargas, on her own behalf and

as the guardian of her minor daughter, Juana Evangelista, and Eduardo Saliche y Simonpietri, in his own right and as the guardian of Carlota 'and Carlos Paterne y Boisojils, both of them minors, against José Rivera Cintrón for the recovery of a mortgage claim amounting to 3,198 *pesos*. An order of sale having issued and the property attached having been offered at public sale, it was awarded to Mario Mercado as the highest bidder, by order of January 30, 1890, for the sum of 3,702.50 *pesos*. The costs and the share corresponding to Eduardo Saliche, as the assignee of Alejandrina González, were made payable at the time of the sale, the balance remaining as a mortgage on said estate in favor of the minors to be paid to them upon their attaining majority or in any of the other cases established by the law, legal interest to be paid to them in the meantime; and possession of the property sold was given to Mercado on the 30th of said month of January.

Subsequently, at the request of the execution creditors, the taxation of costs and the liquidation of the sale proceedings were made, and as a number of unsuccessful demands had been made upon the successful bidder to pay into court the costs and the 1,226 *pesos* which the liquidation showed to be due Eduardo Saliche as his share of the purchase price, the Estate prayed that he should be required to deposit said sum into the Royal Treasury; which prayer was denied by order of June 22, 1892, as was also a request for a review of said order by another order of July 4th following. An appeal was taken from both orders by counsel for the execution creditors, which was allowed for review only, and it was ordered that a transcript of the proper sections of the record be issued to him for the hearing on appeal, which was done, the transcript ordered being delivered to counsel for the appellants but it does not appear that the purchaser, Mario Mercado, was either cited or summoned for the hearing of the appeal taken.

Matters remained in this state until December 28, 1904,

when Attorney Luis L. Yordán Dávila, on behalf of Carlos
Paterne as the only representative of the appellant estate,
filed a motion in the District Court of Ponce praying for the
execution in all its parts of the judgment rendered by the
former *territorial audiencia* of this Island in the appeal re-
ferred to, and for which purpose he submitted a copy of the
said judgment authenticated by the former secretary of said
superior court, Eduardo Rodeyro. It appears therefrom
that the appeal taken having been prosecuted, the said *terri-
torial audiencia* rendered judgment on January 19, 1894, by
which it reversed the orders appealed from of June 22d and
July 4th following, and it ordered that Mario Mercado be
required to deposit the remainder of the purchase price as
prayed for by the execution creditors, with the costs. A
hearing was had on the motion with the attendance of At-
torney Juan Padilla on behalf of the purchaser, Mario Mer-
cado, who contested it, and the District Court of Ponce made
an order on January 10, 1905, requiring Mario Mercado to
deposit with the secretary of the court, or in his bank at the
disposition of the court, on or before the fifth day following,
the sum of 2,452.01 *pesos,* Mexican currency, or its equival-
ent in gold, as the remainder of the purchase price of the sale
at public auction of the mortgaged estate, the subject of the
execution, and legal interest on said sum at the rate of 6
per cent from the date he was placed in possession thereof,
January 30, 1890, to the date of the deposit thereof, and the
costs of the appeal, amounting to 244.34 *pesos,* Spanish mon-
ey, or its equivalent. This order was amended by the court
itself on the 14th of said month of January, by eliminating
therefrom the requirement of the payment of interest, and
substituting for the sum of 2,452.01 *pesos,* as the remainder
of the purchase price, the sum of 1,226 Mexican *pesos.* A
writ having issued to the marshal of the district court for
the execution of this order, Mario Mercado, the purchaser,
appeared before this Supreme Court through his counsel,
Julio Padilla é Yguina, and made application for a writ of

*certiorari* to require the judge of the district of Ponce to forward the record to this court for review as to the matters contrary to law. Counsel for Carlos Paterne opposed the application.

The writ of *certiorari* having issued and the original record having been sent to this Supreme Court by the judge of the District Court of Ponce, the hearing of the appeal was had with the attendance of counsel for both parties, who made their respective arguments.

A writ of *certiorari* should be granted only when the proceedings in the lower court do not conform to the provisions of law, or when the judge refuses to act without just cause or reason, provided the applicant has no other adequate remedy to obtain the reparation of the damage or prejudice caused by the judge or court to the person making the application; and as the judge has not refused to act in this case, and as, on the other hand, the order of the District Court of Ponce of January 14th last conforms to the judgment rendered by the former *territorial audiencia* of this Island, on January 19, 1894, the execution of which is in question, it is not possible to qualify either as illegal or improper the procedure followed by the said district court in the execution of said judgment, apart from the remedies which the applicant may have for obtaining the reparation of the damage which such judgment may have caused him, and of which he will have to avail himself in the corresponding action before the proper court.

The writ of *certiorari* applied for by counsel for Mario Mercado is denied, with the costs; and it is ordered that the record forwarded by the District Court of Ponce for the decision of the appeal be returned to it with a copy of this opinion, for the proper legal purposes.

Justices Hernández, Figueras and MacLeary concurred.

Mr. Justice Wolf did not take part in the decision of this case.